### Succession of Felix De Armas—Joseph Le Carpentier, Executor, Appellant.

Where a mortgage recites, that the mortgagor wishes to place the mortgagee " *à l'abri de ses avances d'argent, et des effets des endossemens que celui-ci voudra bien lui fournir*," it will be considered as having been given to secure past, as well as future advances.

Acts granting mortgages will, in cases of doubt, be strictly construed.

Appeal from the Court of Probates of New Orleans, *Bermudez, J.*

*Benjamin*, for the appellant.

*C. G. De Armas*, contra.

Simon, J. Le Carpentier is appellant from a judgment rendered against him, in his capacity of dative testamentary executor of the late Felix De Armas, ordering him to pay to the petitioner the sum of four thousand three hundred and five dollars and seventy-one cents, with interest, as a mortgage creditor of the estate of the deceased, out of the proceeds of certain property described in the judgment.

The act of mortgage, on which the petitioner's claim is founded, appears to have been passed for the purpose of securing certain advances made by the petitioner, and to protect him against the effect of endorsements which he was to furnish to the deceased, the whole not exceeding twenty-five thousand dollars. The object of the passing of the act, is therein expressed in the following words : " *Lequel* (Felix De Armas) *voulant mettre M. François Alpuenté à l'abri de ses avances d'argent, et des effets des endossemens que celui-ci voudra bien lui fournir, jusqu'à concurcence d'une somme n'excédant pas celle de vingt cinq mille piastres,*" &c. It is contended, by the appellant, that the mortgage was merely given to secure *future* and *prospective* advances, and not to secure advances which had been *previously* made.

We cannot accede to this proposition. It seems to us that the expression used by the parties, " *à l'abri de ses avances d'argent,*" indicates satisfactorily that the advances alluded to had already been made, and that it was only necessary, for the purpose of ascertaining the amount thereof, to refer to the receipts or vouchers by

which the amount could be liquidated and established. Had the security been intended only to secure advances to be made *in futuro*, the terms used would perhaps have been, "*à l'abri des avances d'argent, et des endossemens que celui-ci voudra bien lui fournir*," and not "*de ses avances.*" Indeed, the latter expression shows that at the time of the contract, the petitioner was a creditor of the deceased for certain advances ; and, we think, that, although the rule is, that acts granting mortgages, in cases of doubt, should always be strictly construed, the terms of the contract under consideration are such as to satisfy us, without any relaxation from the rule, that the intention of the parties was clearly to secure, not only advances which had been already made, but also endorsements which were to be subsequently given or furnished.

It has been urged, however, that the rights of the petitioner, as a mortgage creditor of the succession, cannot be decided in this suit ; and that the probate judge should have merely liquidated the account, and established the balance for which the petitioner was to be placed on said account, leaving his rank to be settled on the filing of the account. This would have been perhaps the most proper and legal course originally ; but it has been asserted in argument and not denied, nay, we have been referred to a record of this court, to show, that there was a suit pending before the inferior court in which the petitioner had filed an opposition to the appellant's account as executor, grounded on the judgment appealed from, and that the judgment to be rendered in the present suit, will have the effect of settling definitely the controversy resulting from the opposition yet undetermined. Under such circumstances, we see no reason why we should not pronounce at once upon the legal rights of the petitioner, and not subject the parties to further and useless costs and litigation.

The liquidation of the amount due to the petitioner has not been controverted, and the judgment of the lower court appears to us to have been correctly rendered.

*Judgment affirmed.*